UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VICTOR MONTILLA,                                :
                                                :
                   Petitioner,             :     **ORDER DENYING**
        -against-                        :     **§ 2255 PETITION**
                                                :
UNITED STATES OF AMERICA,           :     06 Civ. 3893 (AKH)
                                                :     04 Cr. 1180 (AKH)
                 Respondent.         :
------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner Victor Montilla filed this Petition for Review on October 28, 2004, alleging constitutional error, and seeking review of his judgment of conviction pursuant to Section 2255, Title 28, United States Code.  Petitioner pleaded guilty on January 11, 2005 to an indictment charging him with conspiracy to distribute five kilograms or more of cocaine and 100 grams or more of heroin, between May and October 2004.  The crime provided a mandatory minimum sentence of ten years, or 120 months, unless the defendant was able to avail himself of a safety valve.  See, e.g., 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual § 5C1.2.  He was sentenced on May 5, 2005 to a term of imprisonment of 108 months.

        Petitioner's arguments are all without merit.  He pleaded guilty to an indictment that charged him with criminally agreeing with others to effect the distribution, and allocuted to support that allegation.  It does not matter that none but Petitioner was indicted, and Petitioner's argument to that effect is without merit.  See U.S. v. LoRusso, 695 F.2d 45, 56 n.8 (2d Cir. 1982)

        Petitioner complains that his counsel was ineffective because he did not explain the implications of United States v. Booker, 543 U.S. 220 (2005).  However, Petitioner was sentenced to the bottom of the range provided by the Sentencing Guidelines, after availing himself of "safety valve" treatment, and presented no argument at sentencing, and none now in

1

his petition papers, that would have supported more lenient treatment beyond that provided by the Sentencing Guidelines. The government did not offer a plea agreement to him, and advised him, before his plea by a Pimentel letter, United States v. Pimentel, 932 F.2d 1029 (2d Cir. 1991), that he was exposed to a mandatory minimum sentence, and higher. Letter from David N. Kelley, Assistant U.S. Attorney, to Stephen Goldenberg, Esq. (Dec. 29, 2004) (noting that indictment carried "a mandatory minimum sentence of 10 years' imprisonment" and that "[b]ecause the statutory minimum sentence for Count One is 10 years, the Sentencing Guidelines range is 120 months"). Whether he could have received a plea agreement and a "5K1.1" letter, U.S. Sentencing Guidelines Manual § 5K1.1, or found some unusual way, not presented in his papers, to reduce his sentence further is not something that could be said to arise as a consequence of the holding of the United States Supreme Court in Booker. In any event, Petitioner shows nothing that could be said to reflect constitutionally ineffective counseling under Strickland v. Washington, 466 U.S. 668 (1984).

   Petitioner argues that his lawyer should have moved to suppress evidence found on the seat of his car when he was arrested. The motion would plainly have failed, and Petitioner would have exposed himself to an Obstruction of Justice adjustment in sentencing, and loss of the "safety valve," had he filed an affidavit or testified to support such a motion.

   Petitioner's last argument argues that the government should be bound by its Pimentel letter which stated that his base offense level was 32, and his Sentencing Guideline range, after adjusting for timely acceptance of responsibility, was 87 to 120 months. Letter from David N. Kelley, Assistant U.S. Attorney, to Stephen Goldenberg, Esq. (Dec. 29, 2004) (noting that, after a 3-level reduction for timely acceptance of responsibility, "[a]n offense level of 29 and a Criminal History Category of I yields a Sentencing Guidelines range of 87 to 108

months"). But the letter's calculation of punishment was based on an earlier version of the facts, and a lesser drug weight. In his plea allocation, Petitioner swore that he was actually guilty of conspiring with at least one other to distribute both cocaine and heroin, in amounts of at least five kilograms and 100 grams, respectively, and on more than one occasion. (Id. at 12-20). The government, however, indicated that a larger weight of cocaine was involved in the conspiracy. I was concerned by Petitioner's evasiveness in his allocution, pressed him to be precise in his admissions if, indeed, he wished to plead guilty, and warned him that he had a "complete right to go to trial," that "there are no promises that you can rely on," and that "no one is pushing you to do anything." (Id. at 23). I warned him that he could not set up a half-hearted allocution as a basis for a later argument that it was his attorney who caused him to plead guilty. (Id.) I gave Petitioner a recess to gather his thoughts, consult with his attorney, and decide on his course. He returned, re-allocuted his admissions, and voluntarily and knowingly pleaded guilty. (Id. at 24-34). He admitted to distributing at least five kilograms of cocaine and 100 grams of heroine. (Id.). He also swore that he knew that his co-conspirator imported as much as fifty kilograms of cocaine that Petitioner was to help distribute. (Id. at 43-44). The base level of 36 used in sentencing was based upon this larger weight, fifty kilograms of cocaine, regardless if admitted by the defendant in his allocution, or introduced by the government at sentencing. U.S. Sentencing Guidelines Manual § 1B1.3 (2004). A two point reduction for the safety valve was applied, and a three point reduction for acceptance of responsibility was applied, resulting in a net offense level of 31, and a Sentencing Guidelines range of 108 to 135 months. Had Petitioner not truthfully admitted, or falsely denied, the conduct comprising the offense and additional relevant conduct, he could have compromised the three level downward adjustment for accepting responsibility. U.S. Sentencing Guidelines Manual § 3E1.1.

For the reasons stated above, I hold that Petitioner's claims are without merit and deny his § 2255 petition. Further, I deny a certificate of appealability, for there has not been a substantial showing of a denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk shall mark the case closed.

SO ORDERED.

Dated:   New York, New York
         September ___/___, 2006

ALVIN K. HELLERSTEIN
United States District Judge